IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Berly Brooks Zeigler, | ) |
|                       Movant, | ) Cr. No. 5:04-0910 |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States of America, | ) |
|                       Respondent. | ) |

Movant Berly Brooks Zeigler is an inmate in custody of the Bureau of Prisons. He currently is housed at FCI-Jesup in Jesup, Georgia. On June 16, 2016, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Respondent United States of America filed a motion to dismiss on June 29, 2016. Also on June 29, 2016, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Movant of the dismissal procedures and the possible consequences if he failed to respond adequately. Movant filed no response to the motion to dismiss. On June 16, 2017, Movant filed a motion to amend or supplement his § 2255 motion a motion. Movant filed additional attachments to the motion to amend on July 5, 2017. The court **grants** Movant's motion to amend or supplement (ECF No. 53) and has considered all filings submitted by Movant with respect to his § 2255 motion.

FACTS AND PROCEDURAL HISTORY

On February 23, 2005, Movant pleaded guilty to possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). A presentence investigation report (PSR) was prepared by the United States Probation Office (USPO). The PSR noted that, among other offenses, Movant has state court drug convictions for (1) possession with intent to distribute

marijuana in 1999, and (2) distribution of marijuana, second offense, in 2002. Movant's criminal history score was three, to which two points were added because Movant committed the federal drug offense while on state probation, for a total of five and a criminal history category of III. However, because Movant has two prior felony convictions involving a controlled substance offense, Movant was denominated as a career offender. Movant's criminal history category became VI. See U.S.S.G. § 4B1.1. Movant's career offender status resulted in a guidelines range of 262-327 months imprisonment. See U.S.S.G. § 4B1.1(c)(3). Movant was sentenced to incarceration for a period of 262 months. Judgment was entered on May 4, 2005.

## DISCUSSION

Movant first contends he is not a career offender pursuant to Johnson v. United States, 570 U.S. 521 (2015), wherein the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) to be unconstitutionally vague.[1] In Johnson, the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language known as the residual clause–i.e., "or

---

[3] The Supreme Court made Johnson retroactive on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016).

otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague. Relying on Johnson, Movant argues 18 U.S.C. § 924(c), which contains language identical to that struck down in Johnson, similarly is void for vagueness. Respondent asserts, however, that the § 924(c) charge to which Movant pleaded guilty was for possessing a firearm that was used or intended to be used to further his commission of a drug trafficking crime, which is a different offense from the felon in possession offense at issue in Johnson.

The Court of Appeals for the Fourth Circuit has determined that "the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (citing In Beckles v. United States, 137 S. Ct. 886 (2017)). The court agrees with Respondent that Johnson has no impact on the offense at issue in the underlying criminal prosecution. [2]

Movant further contends that he is not a career offender under U.S.S.G. § 4B1.1 because his predicate offenses do not constitute crimes of violence under United States v. Mathis, 136 S. Ct. 2243 (2016). In Mathis, the Supreme Court observed that the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), imposes a 15-year mandatory minimum sentence on defendants who have three prior convictions for a violent felony, including burglary, arson, or extortion. The Court noted that district courts are required to compare the elements of the crime of conviction with the elements of the generic version of the listed offense, and if the elements are the same as, or narrower than, those

---

[1] The court further notes that Movant's § 924(c) conviction was based on a drug trafficking crime, not a crime of violence, such that Movant's status as a career offender was not subject to the residual clause of § 924(c) in any event. See Ortega v. United States, Case No. 16-cv-1622-GPC, 2017 WL 6371739 (S.D. Calif. December 13, 2017) (citing cases).

3

of the generic offense, the prior crime qualifies as an ACCA predicate. 135 S. Ct. at 2247. This is known as the categorical approach. Id. at 2248. The question in Mathis was whether the ACCA makes an exception when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one or more of its elements. The Court determined that application of the ACCA involves only comparing elements, and not considering whether the defendant's particular conduct falls within the generic definition, regardless of whether the statute lists possible alternative means of commission of the offense. Id. at 2257.

Mathis does not apply because Movant received an enhanced sentence based on his prior state controlled substance convictions, and not because of any conviction considered to be a violent felony under the ACCA. Movant's arguments are without merit.

## CONCLUSION

For the reasons stated, Respondent's motion to dismiss is **granted**. Movant's § 2255 motion is **denied and dismissed**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons

set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 24, 2018