IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Berly Brooks Zeigler, | ) | |
| | ) | Cr. No. 5:04-0910 |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Movant Berly Brooks Zeigler is an inmate in custody of the Bureau of Prisons. He currently is housed at FCI-Estill in Estill, South Carolina. On June 16, 2016, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, contending that he is not a career offender pursuant to Johnson v. United States, 570 U.S. 521 (2015) (holding that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is constitutionally vague). Movant further asserted that he is not a career offender under U.S.S.G. § 4B1.1 because his predicate offenses do not constitute crimes of violence under United States v. Mathis, 136 S. Ct. 2243 (2016). On January 24, 2018, the court issued an order and opinion in which the court noted that (1) Movant had pleaded guilty to possession of a firearm used to further the commission of a drug trafficking crime, which falls under 18 U.S.C. § 924(c) and is not subject to the ruling in Johnson; and (2) the predicate offenses supporting Movant's designation as a career offender under U.S.S.G. § 4B1.1 are drug charges, and not crimes of violence, so that Mathis does not apply. Accordingly, the court denied Movant's § 2255 motion.

This matter now is before the court on Movant's motion for reconsideration, which motion was filed on February 7, 2018. Although Rule 59 addresses grounds for new trials, some courts have

reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Movant again asserts that he is actually innocent of any crime of violence that would permit his career offender designation to stand. However, as the court previously has stated, Movant was designated a career offender because of his prior controlled substance offenses, and not based upon any crime of violence.

Movant has not demonstrated an intervening change in controlling law, new evidence not available earlier, or a clear error of law or manifest injustice. Movant's motion for reconsideration

(ECF No. 63) is **denied**.

       **IT IS SO ORDERED**.


                      /s/ Margaret B. Seymour
                      Senior United States District Judge

Columbia, South Carolina

July 20, 2018